JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
MAITA CHEVROLET GEO.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Sacramento
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5651

Attorneys (If Known)

E-filing

ADR

JSC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C §2000e-2(a)(1) Title VII, Civil Rights Act of 1964]
Brief description of cause:
Unlawful employment practices on the basis of religious discrimination and failure to accommodate.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE    [ ] EUREKA

DATE: 9/29/2011
SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

FILED

2011 SE. 29 A 10: 23

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. D. OF CALIFORNIA

1  WILLIAM R. TAMAYO, #084965(CA)
   JONATHAN T. PECK, #12303 (VA)
2  DAVID F. OFFEN-BROWN – #63321 (CA)
   CINDY O'HARA, #114555 (CA)
3  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone: (415) 625-5653
   Facsimile : (415) 625-5657
6  cindy.ohara@eeoc.gov

E-filing

7  Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JSC

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No. 11 4815 |
|---|---|
| Plaintiff, | ) COMPLAINT |
| v. | ) |
| MAITA CHEVROLET GEO, | ) Civil Rights – Employment Discrimination |
| Defendant. | ) JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Anthony Okon who was adversely affected by such practices. As alleged below, Defendant unlawfully discriminated against Mr. Okon based on his religion by refusing to make reasonable accommodation to his religious belief and practice of observing his Sabbath from sundown Friday to sundown Saturday, and by subjecting him to different terms and conditions of employment, harassing, disciplining and discharging him because of his religion.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

### INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland as the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff Equal Employment Opportunity Commission, and the records related to that investigation are in San Francisco.

### PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Maita Chevrolet Geo ("Defendant"), has continuously been a California corporation, qualified to do business and doing business in the State of California and has continuously had at least fifteen employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

### STATEMENT OF CLAIMS

**Violation of Title VII of Civil Rights Act Based on Religion**

7. More than thirty days prior to the institution of this lawsuit, Charging Party Anthony Okon filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

1  8. Since at least April 2005, Defendant has engaged in unlawful employment
2  practices at its Elk Grove, California facility, in violation of Section 703(a)(1) of Title VII, 42
3  U.S.C. § 2000e-2(a)(1). These practices included but were not limited to failing to accommodate
4  Charging Party's practice of his religion, Seventh Day Adventist, by repeatedly scheduling
5  Charging Party to work on Friday evenings and Saturday days, the period of Seventh Day
6  Adventist Sabbath, despite having been informed by Charging Party and his pastor that the tenets
7  of his religion preclude secular work from sundown Friday to sundown Saturday and of Charging
8  Party's observance of those tenets. In addition, Defendant refused to allow Charging Party to
9  work Sundays if he had not worked Saturday; harassed Charging Party because of his religious
10 beliefs and practice; disciplined Charging Party for taking leave to observe the Sabbath; and
11 discharged Charging Party because of his observance of his religion.
12 9. The effect of the practices complained of in paragraph 8 above has been to deprive
13 Charging Party of equal employment opportunities and otherwise adversely affect his
14 employment status because of his religion.
15 10. The unlawful employment practices complained of in paragraph 8 above were and
16 are intentional.
17 11. The unlawful employment practices complained of in paragraph 8 above were
18 done with malice or with reckless indifference to the federally protected rights of Charging Party.

**PRAYER FOR RELIEF**

20 WHEREFORE, the Commission respectfully requests that this Court:
21 A. Grant a permanent injunction enjoining Defendant, its officers, successors,
22 assigns, and all persons in active concert or participation with it, from engaging in religious
23 discrimination, including but not limited to failing to accommodate its employees' religious
24 beliefs and practices, harassing, disciplining, or discharging employees due to their religion, and
25 any other employment practice which discriminates on the basis of religion..
26 B. Order Defendant to institute and carry out policies, practices, and programs which
27 provide equal employment opportunities for employees regardless of their religion, which
28 provide accommodation for employees' religious beliefs and practices, and which eradicate the

1 | effects of its unlawful employment practices.

2 |     C.    Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

    D.    Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to expenses for relocation, job search, and medical and related treatment, with interest, in amounts to be determined at trial.

    E.    Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

//
//
//
//
//
//
//
//
//
//
//
//

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: 9/28/2011

WILLIAM R. TAMAYO
Regional Attorney

Dated: 9/28/2011

DAVID OFFEN-BROWN
Supervisory Trial Attorney

Dated: 9/28/2011

CINDY O'HARA
Senior Trial Attorney